BABCO INDUSTRIES, INC. & others *vs.* NEW ENGLAND MERCHANTS NATIONAL BANK & another. October 4, 1978. 1. A motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), lies against a complaint which shows on its face that the statute of limitations has run prior to the date the action was commenced. See 2A Moore's Federal Practice par. 12.10 (2d ed. 1975); 5 Wright & Miller, Federal Practice and Procedure § 1357, at 608 (1969). 2. Counts I and VII clearly sounded in tort and were thus barred by the two-year statute of limitations found in G. L. c. 260, § 2A, as in effect prior to St. 1973, c. 777, § 1

(effective January 1, 1974). No argument is made to the contrary. 3. Accepting the plaintiffs' characterization of counts II, III and IV as alleging in "essence ... that the defendants, as controlling parties, owed a fiduciary duty to the corporate plaintiff and the shareholders," we agree with the judges who dismissed the counts that the alleged breaches of that duty (if it existed) sounded in tort rather than in contract. See *Shore* v. *Cornell-Dubilier Elec. Corp.*, 33 F.R.D. 5, 6 (D. Mass. 1963); *Moseley* v. *Briggs Realty Co.*, 320 Mass. 278, 282 (1946). *Wilkes* v. *Springside Nursing Home, Inc.*, 370 Mass. 842 (1976), suggests nothing to the contrary, the underlying claim in that declaratory judgment action having been clearly contractual in nature. It follows that counts II, III and IV were also properly dismissed. 4. Count VI recasts the allegations of counts I through V as violations of G. L. c. 93A, § 2, actionable under G. L. c. 93A, § 11 (inserted by St. 1972, c. 614, § 2, and effective October 7, 1972), and subject to the four year statute of limitations appearing in G. L. c. 260, § 5A (inserted by St. 1975, c. 432, § 2). As all of the actions of the defendants which might arguably be thought violations of G. L. c. 93A occurred prior to October, 1972, the plaintiffs' contention that count VI is not barred by the statute of limitations turns on three assumptions: (1) that G. L. c. 93A, § 11, is procedural in nature, rather than substantive, and thus provides a remedy for unfair and deceptive practices which occurred prior to its effective date; (2) that G. L. c. 260, § 5A, notwithstanding its introductory language suggesting that the four year limitations period it establishes may be intended to apply only to consumer actions, extends as well to actions brought under G. L. c. 93A, § 11; and (3) that the running of the limitations period was tolled by virtue of duress exercised by the defendants against the plaintiffs until July 25, 1973, when the corporation's debts to the defendants were discharged. We need not rule on the first and second assumptions, as the third is not made out on the facts stated in the complaint. It is possible to imagine circumstances in which duress might toll the statute (see Annot., 121 A.L.R. 1294 [1939]), but the most that appears on the allegations in the present complaint is an unwillingness to initiate legal proceedings against creditors who are forbearing to exercise their rights on default. See Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974). As the then applicable two year tort statute of limitations (G. L. c. 260, § 2A) was not tolled, the limitations period expired well before July 15, 1975, when the four year statute of limitations (G. L. c. 260, § 5A) became effective. The new statute did "not serve to revive actions barred before its effective date." *Baldassari* v. *Public Fin. Trust*, 369 Mass. 33, 43 (1975). Count VI was therefore properly dismissed. 5. The judge did not err in concluding that any cause of action which may be suggested under 42 U.S.C. § 1985 (1970), which has no limitations period of its own but employs instead the analogous limitations period under State law (see *O'Sullivan* v. *Feliz*, 233 U.S. 318 [1914]; *Still* v. *Nichols*, 412 F.2d 778 [1st Cir. 1969]; *Peterson* v. *Fink*, 515 F.2d 815, 816 [8th Cir. 1975]), was most nearly analogous to a tort action subject to G. L. c. 260, § 2A, as in effect prior to St. 1973, c. 777, § 1. The period of limitations had thus run, and count VIII was properly dismissed. 6. The only question which the plaintiffs raise with respect to the judgment of $70.75 which was entered in their favor against the defendant bank on count V is whether the bank was legally entitled to increase the rate of interest by one half of one per cent (as it did on January 1, 1973) on note balances then in default. That question has

not been argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and appears to have been foreclosed in any event by the plaintiffs' failure to raise the issue in the trial court.

*Judgments affirmed.*

*J. Owen Todd* (*James L. Quarles, III,* with him) for New England Merchants National Bank.

*Will J. Bangs* (*Jeffrey N. Drummond* with him) for John Hancock Mutual Life Insurance Company.

*Richard K. Donahue,* for the plaintiffs, submitted a brief.