TOWN OF NANTUCKET *vs.* WALTER BEINECKE, JR.

Nantucket.  October 2, 1979. — December 12, 1979.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Limitations, Statute of.  Conflict of Interest.  Municipal Corporations,*
Officers and agents.  *Evidence,* Judicial notice.

The tort statute of limitations is applicable to actions brought under G. L.
   c. 268A, § 21.  [347-349]
Where a town treasurer assigned tax title to a parcel of land to the town's
   tax assessor in 1964 and in 1967 the assessor conveyed title to the town
   counsel, an action by the town under G. L. c. 268A, § 21, the Con-
   flict of Interest Law, for reconveyance of the land was subject to the
   two-year statute of limitations contained in G. L. c. 260, § 2A, rather
   than the three-year period contained in St. 1973, c. 777, §§ 1, 4.
   [349-350]
In determining when a town's board of selectmen had notice that a parcel
   of land had been conveyed in violation of G. L. c. 268A, the Conflict
   of Interest Law, the judge could properly take judicial notice of the
   geographical size of the town, its sparse population, and the existence
   of a weekly newspaper, but she erred in taking judicial notice of the
   usual practice of the newspaper to cover pending litigation, the proba-
   ble presence of an article in the newspaper relative to a Probate Court
   judge's mention of the conflict of interest, and the selectmen's aware-
   ness of such an article.  [350-353]

_____

   CIVIL ACTION commenced in the Land Court on June 23, 1978.

The case was heard by *Sullivan, J.*, on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*Richard W. Renehan* for the plaintiff.

*John D. Dwyer* for the defendant.

LIACOS, J.   The plaintiff town of Nantucket filed a complaint on June 23, 1978, to obtain declaratory and injunctive relief pursuant to G. L. c. 231A, § 1, and G. L. c. 185, § 1 (*k*).  The defendant, Walter Beinecke, Jr., moved to dismiss the complaint under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), on the ground, inter alia, that the complaint shows on its face that the action is barred by the statute of limitations.  On January 11, 1979, a judge in the Land Court granted the motion to dismiss and ordered entry of judgment for the defendant.  The plaintiff appealed, and this court granted the plaintiff's application for direct appellate review.  We reverse.

The complaint alleges the following facts.  On March 27, 1964, the town treasurer assigned tax title to a certain parcel of land consisting of 47.54 acres to one John J. Gardner, II, for $15.38.  On May 8, 1967, one Roy E. Sanguinetti contracted to convey title to the defendant.  Gardner conveyed title to Sanguinetti as trustee of Windswept Realty Trust on May 10, 1967, for less than $100.  On May 31, 1967, Sanguinetti conveyed title to the defendant for a total consideration of $16,500.  During these transactions, Gardner was a tax assessor for the town, and Sanguinetti was town counsel and town moderator.  The defendant had actual knowledge of the town offices held by Gardner and Sanguinetti.  The complaint alleges an actual controversy between the plaintiff and the defendant over the rights of the town against the defendant under the Conflict of Interest Law, G. L. c. 268A, §§ 19, 20 (*a*), 21 (*a*).  The complaint prays (a) for a declaration that the deed to the defendant is voidable, (b) for a declaration of the terms under which the defendant should reconvey the land to the plaintiff, (c) for an order re-

quiring the defendant to reconvey the land on such terms, and (d) for any other further relief deemed proper by the court.[1]

The defendant's motion to dismiss raised three basic defenses in seven separate paragraphs: (1) the action is barred by the statute of limitations; (2) the action is barred by laches; and (3) the complaint fails to show that any conflict of interest "substantially influenced" the transfer of tax title in 1964.

The Land Court judge filed an opinion ruling that the plaintiff's claim was time-barred,[2] and entered judgment on January 24, 1979, dismissing the plaintiff's complaint with prejudice.

We consider first the question of which, if any, statute of limitations governs actions brought under the Conflict of Interest Law, G. L. c. 268A, § 21. The plaintiff contends that actions brought under G. L. c. 268A, § 21, are not governed by any statute of limitations. We disagree. On other occasions, when faced with similar claims relating to a new right created by a statute which, as here, contained no limitation provision within itself, this court has looked to the essential nature of the right to determine which statute of limitations should be applied. See *Baldassari* v. *Public Fin. Trust,* 369 Mass. 33, 42-43 (1975), in relation to an action under G. L. c. 93A, the Consumer Protection Act, and

---

[1] General Laws c. 268A, § 21 (*a*), as appearing in St. 1962, c. 779, § 1, provides: "In addition to any other remedies provided by law, any violation of sections two, three, eight, or sections fifteen to twenty, inclusive, which has substantially influenced the action taken by any municipal agency in any particular matter shall be grounds for avoiding, rescinding or cancelling the action on such terms as the interest of the municipality and innocent third persons require."

[2] The judge also concluded that the complaint was faulty in that it failed to allege "conduct substantially influencing the assignment." See *Charbonnier* v. *Amico,* 367 Mass. 146, 151 (1975); *Crall* v. *Leominster,* 362 Mass. 95, 106-107 (1972). The judge stated, however, that dismissal on this ground would be with leave to amend. The judge relied solely on an analysis of the statute of limitations in granting the defendant's motion to dismiss. Likewise, this court's disposition of the case rests solely on the statute of limitations issue.

*Lynch* v. *Signal Fin. Co.*, 367 Mass. 503 (1975),[3] in relation to an action under G. L. c. 140C, the Truth-in-Lending Act. See also *Commonwealth* v. *Canon*, 373 Mass. 494 (1977), cert. denied, 435 U.S. 933 (1978), where the court apparently assumed that the six-year limitation prescribed in G. L. c. 277, § 63, applied to a criminal prosecution under G. L. c. 268A.

We find nothing in the legislative history of G. L. c. 268A, § 21, which would suggest that the Legislature, by not specifically prescribing a period of time within which an action under § 21 must be brought, intended that actions not be time-limited. If such a result had been intended, it would have been natural for the Legislature to express such an intention. Cf. *Boston* v. *Gordon*, 342 Mass. 586, 591 (1961).

We now turn to the question of which statute of limitations should govern such actions. Looking to the "'gist of the action' or the essential nature of the plaintiff's claim" (*Hendrickson* v. *Sears*, 365 Mass. 83, 85 [1974]), we conclude that an action brought under G. L. c. 268A, § 21, sounds in tort. This is in accordance with early Massachusetts case law where suits concerning violations of official duty were viewed as actions in tort. See *Connors* v. *Stone*,

---

[3] In *Lynch* v. *Signal Fin. Co.*, 367 Mass. 503 (1975), we noted that the Massachusetts Truth-in-Lending Act is closely modeled on the Federal Truth-in-Lending Act. In deciding that liability under G. L. c. 140C, § 10 (*b*), is an action for a penalty under a penal statute subject to G. L. c. 260, § 5, requiring that it be commenced within one year after the offense is committed, we looked to the Federal act for guidance. The plaintiff asserts that civil actions under the Massachusetts Conflict of Interest Law are not time-limited just as actions under the Federal Conflict of Interest Law, 18 U.S.C. § 203 (1976), are not time-limited, citing *United States* v. *Podell*, 436 F. Supp. 1039, 1042 (S.D.N.Y. 1977), aff'd, 572 F.2d 31, 35 n.7 (2d Cir. 1978). The plaintiff's argument fails, however, on closer examination. The civil action in *Podell, supra,* was not brought under 18 U.S.C. § 203 (1976), which is a criminal statute, but rather it was an action based on breach of fiduciary relationship. The action was not time-limited because "[t]he United States is not subject to any statute of limitations in enforcing its rights, unless Congress specifically provides otherwise. See *United States* v. *Summerlin*, 310 U.S. 414 (1940)." *Podell, supra* at 35 n.7. Contrast *New Bedford* v. *Lloyd Inv. Assocs.*, 363 Mass. 112, 117-118 (1973).

177 Mass. 424 (1901).[4]  The tort statute of limitations is applicable to the variety of types of actions possible under G. L. c. 268A, § 21, whether land is involved or not.  The statute of limitations for recovery of land which the plaintiff alternatively urges us to apply (G. L. c. 260, § 31) has possible relevance only where a parcel of land is the object of recovery.  We conclude that the essence of an action under the statute is breach of official duty, and the fact that the plaintiff seeks to recover land as opposed to money or some specific chattel is only of subsidiary importance.[5]

The plaintiff contends that the trial judge erred in applying the two-year tort statute of limitations contained in G. L. c. 260, § 2A, as opposed to the three-year period contained in St. 1973, c. 777, §§ 1, 4, applicable to the causes of action "arising on and after" January 1, 1974.  The judge applied the two-year statute of limitations implicitly finding that that cause of action arose prior to 1974.  We agree with this aspect of the judge's decision, it being clear that the cause of action arose prior to 1974.  Gardner received tax title to the locus in 1964, and Sanguinetti purchased and

---

[4] We note, also, that Sanguinetti's acts while he was town counsel constituted a breach of his fiduciary duty to his client, the town.  See *Hendrickson* v. *Sears*, 365 Mass. 83, 90 (1974).  As indicated in *Hendrickson*, at least in regard to attorneys, malpractice actions may be viewed as involving a breach of contract.  In *McStowe* v. *Bornstein*, 377 Mass. 804 (1979), we recognized that a client's claim against an attorney may sound in both tort and contract.  The same may be true in regard to claims based on alleged violations of the Conflict of Interest Law.  Neither party here has briefed the issue of the applicability of G. L. c. 260, § 2, the six-year contract statute of limitations, and the plaintiff disclaimed such an argument in oral argument before the court. Consequently, we do not consider this issue, nor the ramifications of applying the contract statute of limitations to violations of the Conflict of Interest Law.

[5] Compare this situation to a suit to set aside a conveyance of land for fraud.  The problem of whether to apply the statute of limitations for fraud or the statute of limitations for recovery of land in such a situation is analyzed in Annot., 118 A.L.R. 200 (1939): "[I]n the majority of jurisdictions wherein the question has arisen, it has been held that, within the meaning of limitation statutes as ordinarily worded, a suit brought by one not in possession of land to obtain a decree setting aside a deed thereof as having been procured by fraud is one for relief on the ground of fraud, rather than an action for the recovery of real property."

sold the same to the defendant in 1967. These activities, both occurring prior to the effective date of the three-year statute, gave rise to the plaintiff's cause of action. The judge properly applied the two-year tort statute of limitations contained in G. L. c. 260, § 2A.

We now turn to the judge's determination that the town was on notice by 1975. The judge correctly stated that "[r]ecent Massachusetts decisions make it clear that the statute commences to run when the plaintiff knew or should have known of the wrong." *Friedman* v. *Jablonski,* 371 Mass. 482 (1976). *Hendrickson* v. *Sears, supra* at 91. *Mansfield* v. *GAF Corp.,* 5 Mass. App. Ct. 551 (1977).[6]

To apply this principle properly in a proceeding brought by a town under G. L. c. 268A, § 21, it is necessary to decide what person or persons in the town need know of the wrong in order to put the town on notice. Certainly each and every citizen in the town need not know, and likewise knowledge by a few unofficial persons is clearly insufficient. Even knowledge by certain town officials may be insufficient to charge the town with knowledge. For example, the town treasurer who assigned tax title to Gardner in 1964 clearly knew of the wrong complained of here, yet her involvement in the allegedly illegal transaction (even if such involvement was not culpable under the statute) precludes her knowledge from being charged to the town.

We feel that a realistic notice concept is appropriate under the Conflict of Interest Law, G. L. c. 268A, § 21, in order to further the purposes of the legislation. The statute is aimed at restraining municipal employees from maintaining a financial interest in contracts made by a municipal agency. The purpose of the Conflict of Interest Law, at least in part, is to protect municipalities from overreaching by their employees. It would be anomalous to ignore this protective policy by charging the knowledge of the culprits as notice to the municipality being wronged by their acts, as the defendant suggests.

---

[6] The complaint contains no allegation of fraudulent concealment. Cf. G. L. c. 260, § 12.

While we express no opinion as to when a town will be charged with knowledge in each and every case, we suggest, as a general proposition, that only when those disinterested persons who are capable of acting on behalf of the town knew or should have known of the wrong, should the town be charged with such knowledge.[7] While it might be claimed, in another case, that knowledge of town counsel is sufficient to charge the town with notice, that certainly cannot be said in this case due to his active involvement in violating the statute. Obviously, in a town where the board of selectmen have been appointed as agents to bring suits on behalf of the town, their knowledge would be sufficient to charge the town. See G. L. c. 40, § 2; *Great Barrington* v. *Gibbons*, 199 Mass. 527 (1908).

The trial judge, in deciding that the town was on notice by 1975, made reference to certain dicta in a Nantucket Probate Court decision which came to the attention of the board of selectmen of Nantucket on September 16, 1975. While the judge's focus on knowledge by the board of selectmen was entirely appropriate, the use of judicial notice with respect to the manner in which the board necessarily acquired such knowledge was erroneous. The judge stated: "By decision dated September 16, 1975 and filed on the following September 19, 1975, the Nantucket Probate Court dealt harshly with the conduct of which the Town now complains. . . ."[8]

---

[7] As to defendant's contention that the plaintiff's complaint is defective in failing to allege facts which, if proved, would demonstrate that the complaint is not barred by the statute of limitations, we note that it need not necessarily appear on the face of the complaint that those persons who are authorized to bring suit on behalf of the town were without knowledge during the period of the statute of limitations. Compare this action brought pursuant to G. L. c. 268A, § 21, to *Friedman* v. *Jablonski*, 371 Mass. 482 (1976), and *Woodcock* v. *American Inv. Co.*, 376 Mass. 169 (1978). Moreover, the trial judge indicated clearly that this was not the basis of the decision to allow the motion to dismiss.

[8] The Probate Court judge stated: "During that period of time when he was town counsel for Nantucket, Roy E. Sanguinetti, Trustee of Windswept Realty Trust, purchased a parcel of tax title vacant land from said Town, through a 'straw,' one of the assessors for the Town of Nantucket, for less than $100.00 on May 10, 1967. Three weeks later, on May 31,

While this was dicta in the case, it cannot have failed to have been brought to the attention of the Board of Selectmen of Nantucket. This Court takes judicial notice of the geographical size of the town, its sparse population, particularly in September, the presence of a weekly newspaper which as a usual practice fully covers pending litigation and the controversies which have engaged its residents for the past several years. On September 19, 1975 the Town cumulatively had knowledge of sufficient facts to be put on notice that its employees may have violated chapter 268A and at this time the running of the statute of limitations began."

Judicial notice was properly taken with respect to the geographical size of the town, its sparse population in September, and the existence of a weekly newspaper. See *Clohecy* v. *Haverhill*, 299 Mass. 378 (1938), and *Commonwealth* v. *Crehan*, 345 Mass. 609 (1963). Matters are judicially noticed only when they are indisputably true. Matters of common knowledge or observation within the community may be judicially noticed because they so qualify. See W.B. Leach & P.J. Liacos, Massachusetts Evidence 27, 34-38 (4th ed. 1967), and cases cited therein. The geographical size of the town, its sparse population in September, and the existence of a weekly newspaper are clearly matters which satisfy the test of common knowledge. But the judge improperly took judicial notice of the following: the usual practice of the newspaper to cover pending litigation; the probable presence of an article in the newspaper relative to the Probate Court judge's mention of Sanguinetti's conflict of interest; and the board of selectmen's awareness of such article. Judicial notice is not to be extended to personal observations of the judge or juror. *Duarte, petitioner*, 331 Mass. 747, 749-750 (1954).

---

1967, he sold it, as said Trustee, to Walter J. Beinecke, Jr. for $16,500.00, a violation of his trust as a public official and as an attorney at law. He failed to report this short term capital gain on his 1967 Fiduciary Tax Return or any other tax return, . . . a criminal offense under the laws of the United States and the Commonwealth of Massachusetts."

In the case at bar, as in *Duarte, petitioner, supra,* the judge drew the line in the wrong place. See also *Ferriter* v. *Borthwick,* 346 Mass. 391, 393 (1963). Due to the judge's improper use of judicial notice with respect to these matters, the ultimate conclusion reached by the judge was tainted by error of law and cannot stand. Whether such a decision might be reached on the basis of proper evidence is a question not now before us. The trial judge has the power, of course, to decide whether further evidence should be allowed and its legal significance as to the applicability of G. L. c. 260, § 2A. We reverse the judgment of the Land Court and remand the case for further proceedings consistent with the principles enunciated herein.

*So ordered.*