Commonwealth *v.* Mello.

COMMONWEALTH *vs.* DOMINGO P. MELLO.

Bristol.   September 15, 1980. — December 23, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Practice, Criminal,* Assistance of counsel.   *Conflict of Interest.*

A violation of G. L. c. 268A, § 17, the Conflict of Interest Law, was not
   shown by the fact that the defense counsel at a criminal trial was the
   mayor of the city in which the crime occurred.  [72-73]
A genuine conflict of interest was not shown by the fact that the defense
   counsel at a criminal trial was the mayor of the city in which the crime
   occurred where he did not become mayor until a year and a half after
   the indictment was returned.  [73-75]

MOTION for a new trial filed in the Superior Court
Department on February 13, 1979.

The proceeding was heard by *Dwyer,* J.

*Thomas Arthur Hensley* for the defendant.

*Lance J. Garth,* Assistant District Attorney, for the Com-
monwealth.

HALE, C.J.   The defendant appeals from the denial of his
motion for a new trial in which he claimed he had been
denied the effective assistance of counsel at his trial on an
indictment charging rape.[1]   Specifically, the defendant
argues that because his trial counsel was the mayor of the
city in which the crime occurred his counsel was engaged in
a genuine conflict of interest at trial.

---

[1] The conviction was affirmed by this court.  See *Commonwealth* v.
*Mello,* 5 Mass. App. Ct. 825 (1977).  We are informed by the briefs that
the defendant's petition for habeas corpus was denied in the United States
District Court for the District of Massachusetts.  The United States Court
of Appeals affirmed this order in an unpublished opinion.  *Mello* v. *Ber-
man,* No. 78-1475 (1st Cir. March 22, 1979).

The judge who heard the motion and who had presided over the trial made findings of fact which we summarize.

The defendant was tried and convicted in the Superior Court on an indictment charging the rape of a sixteen year old female. The crime had occurred in the city of Taunton and was investigated by the Taunton police department as well as the Berkeley police department and the State police. At trial the prosecution called two members of the Taunton police department as witnesses. One of those officers testified to a fresh complaint.

Attorney Benjamin A. Friedman represented the defendant at trial. Between the time he had been retained by the defendant and the time of trial, Mr. Friedman became mayor of the city of Taunton. He assumed that position five months prior to trial. After becoming mayor, Mr. Friedman advised the defendant to retain successor counsel, giving as reasons the potential embarrassment to the defendant and himself should he continue as trial counsel. The defendant requested Mr. Friedman to continue as his trial counsel.

In response to a suggestion by Mr. Friedman, the trial judge empanelled the jury without calling veniremen who were residents of Taunton. Mr. Friedman's representation of the defendant was capable, intelligent, thorough, energetic and in no way appeared to have been affected or inhibited in the slightest degree by the fact that he held the office of mayor.

We note at the outset that the defendant has the burden of establishing that he has been denied effective assistance of counsel. *Commonwealth* v. *Bolduc,* 375 Mass. 530, 541 (1978). *Commonwealth* v. *Wright,* 376 Mass. 725, 732 (1978). Such a denial may be proved by demonstrating either a genuine conflict of interest, in which case the defendant need not show prejudice, or a more tenuous conflict accompanied by a showing of material prejudice. *Commonwealth* v. *Soffen,* 377 Mass. 433, 436-437 (1979). *Commonwealth* v. *Cobb,* 379 Mass. 456, 459 (1980), vacated in part sub nom. *Massachusetts* v. *Hurley,* 449 U.S. 809 (1980).[2]

---

[2] *Cobb* was vacated in part and remanded for consideration in light of *Cuyler* v. *Sullivan,* 446 U.S. 335 (1980). *Massachusetts* v. *Hurley, supra.*

1. The defendant claims that because the crime charged was committed in Taunton, the city in which trial counsel was "Mayor and executive head," and that because members of the Taunton police department investigated the case and "instigated the prosecution" there was a violation of G. L. c. 268A, § 17 (the Conflict of Interest Law). The defendant points out the relationship between the mayor and police department, as provided in the ordinances of the city of Taunton and the provisions of the General Laws, as supporting his position that there was a genuine conflict of interest.

Section 17 primarily concerns the relationship between a municipal employee and a municipal employer, here the mayor and the city, and prohibits such an employee from requesting or receiving compensation from anyone other than the employer in relation to any matter in which the municipality has a direct and substantial interest. *Nantucket* v. *Beinecke*, 379 Mass. 345, 350 (1979). The declaration of intent in G. L. c. 268A, as inserted by St. 1961, c. 610 (which resulted from the work of the Special Commission on Code of Ethics; see 1962 House Doc. No. 3650, as amended in the manner reflected by 1962 House Doc. No. 3807), explains the focus of the statute. The first paragraph of that declaration is set out in the margin.[3] Considering the language of § 17 and the purposes for which c. 268A was enacted, we are of the opinion that there was no viola-

Under *Cuyler*, "[i]n order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler, supra,* 446 U.S. at 348. The dual approach analysis to proving a conflict of interest used in *Cobb* and used by us here is more favorable to the defendant than that required under *Cuyler*.

[3]"A continuing problem of a free government is the maintenance among its public servants of moral and ethical standards which are worthy and warrant the confidence of the people. The people are entitled to expect from their public servants a set of standards of the highest order. A public official of a free government is entrusted with the welfare, prosperity , security and safety of the people he serves. In return for this trust, the people are entitled to know that no substantial conflict between private interests and official duties exists in those who serve them."

tion of § 17. The language of § 17 requires that the city have a "direct and substantial interest" in the matter allegedly involved in a conflict of interest. G. L. c. 268A, § 17, as appearing in St. 1962, c. 779, § 1. Whatever interest the city of Taunton had in the prosecution of the defendant for a violation of State law was not separate and distinct from that of the citizenry of the Commonwealth as a whole. See art. 2, § 7, of the Amendments to the Constitution of the Commonwealth. A criminal prosecution "is conducted in the interests of the Commonwealth." *Manning* v. *Municipal Court of the Roxbury Dist.,* 372 Mass. 315, 317 (1977). The city was not a party to the instant prosecution. Compare *Hoffman* v. *Spychalski,* 33 Ill. App. 3d 83, 85-86 (1975); *State* v. *Hamblin,* 448 S.W. 2d 603, 607 (Mo. 1970). The interest of the city was not sufficiently direct to meet the § 17 standard. There having been no violation of § 17, it follows that the defendant's argument based on that section must be rejected.

2. The defendant argued to the judge and to us that the case of *Commonwealth* v. *Tabor,* 376 Mass. 811, 819-820 (1978), supports his contention that there was a genuine conflict of interest. The holding in that case was based on a violation of G. L. c. 12, § 30, which prohibits a prosecutor from being "concerned as counsel or attorney for either party in a civil action depending upon the same facts involved [in any prosecution or business to which it was his official duty to attend]." In that case the assistant district attorney who had prosecuted Tabor on a charge of murder had also represented the victim's widow in her claim for compensation under G. L. c. 258A, which provides for compensation of victims of violent crimes. The representation of the widow by the assistant district attorney was held to be a direct violation of § 30. The court stated: "[T]he purpose of our statute is to guard the district attorney's office from private interests and from private influence. A prosecuting attorney's obligation is to secure a fair and impartial trial for the public and for the defendant. His obligation to the defendant in this regard is as great as is his obligation to the

public.  The district attorney is vital to the administration
of justice and to the vindication of constitutional rights.  In
view of his great responsibilities, a district attorney may not
compromise his impartiality." *Commonwealth* v. *Tabor*,
376 Mass. at 819-820.  As the roles of the district attorney
and mayor in the administration of criminal justice are to-
tally different, that case is clearly distinguishable, and its
rationale is inapplicable to the present case.

3.  Nor is there any merit to the defendant's argument
that there was a genuine conflict of interest which arose
apart from any violation of the statute.

The judge's findings and the transcripts of the motion
hearing and the trial, which we have examined (see *Com-
monwealth* v. *Cote*, 7 Mass. App. Ct. 150, 151 [1979]),
show that the crime occurred in April of 1974.  The indict-
ment was returned in June of 1974.  Mr. Friedman became
mayor in January of 1976, and the trial took place in April
and May of that year.  By the time the indictment was re-
turned, the police had completed their investigation, and
the case was in the charge of the district attorney represent-
ing the Commonwealth as the charging party.  G. L. c. 12,
§ 27.  See *Commonwealth* v. *Williams*, 2 Cush. 582,
584-585 (1849); *Burlington* v. *District Atty. for the No.
Dist.*, 381 Mass. 717, 719-722 (1980).  Compare *Common-
wealth* v. *Leslie*, 376 Mass. 647, 652-653 (1978); *Common-
wealth* v. *Wright*, 376 Mass. 725, 731 (1978);  *Common-
wealth* v. *Soffen*, 377 Mass. at 437-438.

The trial record also discloses that two Taunton police of-
ficers testified for the Commonwealth.  Their testimony re-
lated the routine police work which led from the victim's
complaint to the identification and arrest of the defendant.
Although some of the police officers' testimony tended to
corroborate the victim's testimony, the case for the prosecu-
tion was dependent in the main on the testimony of the vic-
tim.  We note too that it does not appear that defense coun-
sel or anyone associated with him in the practice of law had
ever represented any witness for the prosecution.  Contrast
*Commonwealth* v. *Geraway*, 364 Mass. 168, 170-173

(1973); *Commonwealth* v. *Bolduc,* 375 Mass. 530, 542-543 (1978). See *Commonwealth* v. *Wright,* 376 Mass. 725, 730 n.3 (1978).

The most that the defendant has done here is to allege a tenuous or a potential conflict of interest for which we would not reverse, absent a showing of material prejudice, which the defendant has not made. See *Commonwealth* v. *Leslie,* 376 Mass. at 651-652; *Commonwealth* v. *Davis,* 376 Mass. 777, 783 (1978); *Commonwealth* v. *Soffen,* 377 Mass. at 437.

*Order denying motion for*
*new trial affirmed.*