Whitehead, J.
Plaintiff, Fred W. Sunderland, Jr., brings this action against defendants, the Andover Retirement Board and its members. He seeks damages resulting from what he contends was wrongful action on the part of the defendants during the processing of his claim for retirement benefits. Defendants have moved to dismiss and for attorney’s fees and costs pursuant to G.L.c. 231, §6F and Mass.R.Civ.P. 11. For the reasons set forth below, defendants’ motion to dismiss is ALLOWED. Defendants’ motion for attorney’s fees and costs is DENIED.
BACKGROUND
Plaintiff went on “injured” leave from his employment with the Andover Police Department in May, 1988. On or about September 1, 1989, the Andover Police Chief submitted an application for plaintiffs involuntary accidental disability retirement. In late October, 1989, a Regional Medical Panel examined plaintiff, and found him totally and permanently disabled. However, the panel concluded that his condition was not causally related to his employment. On or about December 27, 1989, defendant Andover Retirement Board (“Board”) denied plaintiffs application for involuntary accidental disability retirement.
In early January 1990, plaintiff appealed defendant Board’s decision to the Contributory Retirement Ap *579 peal Board (“CRAB”) pursuant to G.L.c. 32, §16(4). In early February, 1990, CRAB remanded plaintiffs application to a new medical panel. On or about February 15, 1990, defendant Board filed written objections to CRAB’s order of remand. CRAB affirmed the order.
Defendant Board later appealed CRAB’s order of remand to this court. On March 6, 1992, the court denied the Board’s appeal, since CRAB’s order of remand was interlocutory and thus not appealable. On May 7, 1992, defendants filed a notice of appeal from the court’s decision. Defendants withdrew their appeal in March, 1993, following the Appeals Court’s decision in Sunderland v. Torrisi, 34 Mass.App.Ct. 1110 (1993). Plaintiff filed this action in November, 1996, claiming that defendant Board acted in bad faith and breached its fiduciary duty to plaintiff by appealing CRAB’s interlocutory order first to the Superior Court and, then, to the Appeals Court. Defendants move to dismiss.
DISCUSSION
I. Existence of a Fiduciary Duty
Plaintiff claims that defendants were his trustees and therefore owed him a fiduciary duty, insofar as they managed a retirement program on behalf of himself and other public employees. Plaintiff further alleges that defendants breached their fiduciary duty to him by appealing, in bad faith, CRAB’s interlocutory order first to the Superior Court and later to the Appeals Court.
Plaintiffs argument, therefore, is based on the premise that the Board owed him a fiduciary duty not to appeal CRAB decisions in bad faith. Defendant Board may have owed plaintiff a fiduciary duly, at least as to some aspects of managing the retirement program. See e.g., Toland v. McCarthy, 499 F.Supp. 1183, 1192 (D.Mass. 1980) (Trustee of ERISA pension plan owes fiduciary duty to pension claimants as regards fairness and adequacy of claim determination procedure). However, the court need not address whether or not defendants owed plaintiff a fiduciary duty here since, as explained below, defendants’ statute of limitations defense is dispositive. Therefore, for purposes of this motion only, the court assumes defendants owed plaintiff a fiduciary duty.
II. Statute of Limitations
Defendant Board’s alleged wrongful conduct in pursuing bad faith appeals ended no later than March of 1993, when the Board withdrew its appeal to the Appeals Court. Plaintiff filed this action in November, 1996. Defendants argue that plaintiffs breach of fiduciary duty claim is a tort cause of action controlled by the three-year tort statute of limitations set forth in G.L.c. 260, §2A, and is therefore time-barred. Plaintiff argues that his claim sounds in contract and is subject to the six year breach of contract period of limitations set forth in G.L.c. 260, §2. The specific issue raised in this context is whether a trustee’s breach of fiduciary duty sounds in tort or contract. It appears to be a case of first impression in Massachusetts.
The decision of the Supreme Judicial Court in Hendrickson v. Sears, 365 Mass. 83 (1974), provides a good starting point for this court’s analysis. In that case, the Court noted that a plaintiff may bring a contract or tort action, without choosing between the two labels, and that “limitations statutes should apply equally to similar facts regardless of the form of the proceeding.” Id. The Court further explained that where no statutes exist making explicit limitations periods for particular claims, courts should look to the “gist of the action or the essential nature of plaintiffs claim.” Id at 85 (citations omitted). See also Nantucket v. Beinecke 379 Mass. 345, 348-349 (1979) (Court looks at “gist of action;” claim alleging breach of fiduciary duly by town counsel sounded in tort); Pagluica v. Boston, 35 Mass.App.Ct. 820, 823 (1994) (Breach of contract claim subject to tort statute of limitations since “gravamen of the complaint [was] that the defendant has caused the plaintiff a personal injury”); Barber v. Fox, 36 Mass.App.Ct. 525, 529 (1994) (”[G]ist of action” was that defendants failed to do as promised; plaintiffs claim of breach of fiduciary duly, though sounding in tort, was governed by contract statute of limitations).
To determine the gist and the essence of plaintiffs action here, this court looks to analogous situations in this and other jurisdictions. In Massachusetts, a claim for breach of fiduciary duly in the corporate context often sounds in tort. For example, in Kirley v. Kirley, 25 Mass.App.Ct. 651 (1988), the Court addressed a minority shareholder’s claim of a “freeze out” by a majority shareholder. The issue on appeal was whether the plaintiffs claim was a tort or contract action for statute of limitations purposes. The Court recognized that the claim had some contractual aspects, in that the “rigorous fiduciary duty” owed “[arose] out of a relationship between shareholders in a close corporation which has been analogized to that between partners or joint venturers." Id at 652-53. However, the Court also noted that the majority shareholder’s duly was “imposed by law because of the nature of the relationship," not by an agreement between the parties. The Court further noted the “growing common trend to declare that a breach of fiduciary duty is a tort.” Id at 654, citing, e.g., Mack v. American Fletcher Nat’l Bank & Trust, 510 N.E.2d 725, 738-39 (Ind.Ct.App. 1987).[2]
Other jurisdictions also label breach of fiduciary duty actions in the corporate context as torts. See C-T of Virginia, Inc. v. Barrett, 124 B.R. 689, 693 (W.D.Va. 1990) (Corporate officer’s breach of fiduciary duty sounded in tort, not contract); Bearing v. Bearing, 646 F.Supp. 903, 911-12 (S.D.W.Va. 1986) (Suit against shareholder for breach of fiduciary duty sounded in tort even though claim was “related” to a contract, and even though West Virginia Supreme Court had held *580 that a complaint should be construed as being in contract where possible, if it would be time barred as a tort action: “(i]n many instances of tort... a contract can be found lurking in the factual picture”); F.D.I.C. v. Dawson, 4 F.3d 1303, 1307 (5th Cir. 1993) (Breach of fiduciary duty claim against former bank officers based upon the officers’ oath of office, which created a statutoiy and common law right to recover for dereliction of duty, was grounded in tort); Scott v. Evans 802 F.Supp. 411, 417 (N.D. Ala. 1992) (“Claims implicitly arising out of contract that are not based on any express provision of the contract lie in tort, not contract”).
At least one jurisdiction has held a trustee’s breach of fiduciary duty to be a tort. In Mack, supra, the Indiana Court of Appeals noted that the “trend in jurisdictions ... is to declare that a breach of fiduciary duty is a tort.” Mack, 510 N.E.2d at 738-39 (citing, e.g., Babeo, supra). The Court held that the beneficiaries’ claims of breaches of trust sounded in tort, analogizing the situation to a legal malpractice claim. Id at 739.[3]
However, some jurisdictions have applied a contract statute of limitations to breach of fiduciary duty actions. See Argo Comm’n Corp. v. Centel Corp., 134 B.R. 776, 785-87 (S.D.N.Y. 1991) (Action against corporation alleging breach of fiduciary duty for failure to exercise due care in performance of a contract was governed by six year contract statute of limitations; court bound to “look for the reality and essence of the action and not its mere name"); F.D.I.C. v. Former Officers and Directors of Metro. Bank, 884 F.2d 1304, 1306 (9th Cir. 1989) (Where there is a substantial question as to whether breach of fiduciary claim sounds in tort or contract, court applies longer contract limitations period).
Here, plaintiff likely has at least a general contractual relationship with defendants regarding management of the pension fund. However, defendants’ fiduciary duty does not arise from the terms of the contract. Rather, it is imposed by law due to the “nature of the relationship” between plaintiff and defendants. Kirley, 25 Mass.App.Ct. at 653. Indeed, it is analogous to the duty imposed on corporate officers. Plaintiff does not allege that defendants failed to follow through on a promise. Instead, plaintiffs allege a breach of trust; a breach of a legally, though not contractually, imposed duty. Therefore plaintiffs claim of breach of fiduciary duly sounds in tort and is governed by the tort statute of limitations.
Since plaintiffs cause of action accrued no later than March, 1993, and plaintiff filed this action more than three years later, in November, 1996, plaintiffs action is time barred. G.L.c. 260, §2A.
ORDER
For the reasons stated above, defendants’ motion to dismiss is ALLOWED. Defendants’ motion for attorneys’ fees and costs is DENIED. This case does not meet the criteria set forth in G.L.c. 231, §6F, or Mass.R.Civ.P. 11, for an award of attorneys fees and costs.

The Kirley court also noted cases where Massachusetts courts have characterized analogous claims as sounding in tort, not contract: O’Hara v. Robbins, 13 Mass.App.Ct. 279 (1982) (Claim of wrongful appropriation of a corporate opportunity in violation of the majority shareholders’ fiduciary duty to a minority shareholder); Woodcock v. American Inv. Co., 376 Mass. 169 (1978) (Shareholder’s derivative suit for conversion of corporate funds in publicly held corporation); Babco Indus. Inc. v. New England Merchants Nat’l Bank, 6 Mass.App.Ct. 929 (1978) (Shareholders’ breach of fiduciary duty action against bank arising from bank’s de facto control over the corporation).

In Massachusetts, legal malpractice claims may sound in tort or contract, depending on the “gist of the action.” See Nantucket v. Beinecke, supra 379 Mass. at 349, n.4 (citing Hendrickson, 365 Mass. at 85, and McStowe v. Bornstein, 377 Mass. 804 (1979)).