LIFE INSURANCE ASSOCIATION OF MASSACHUSETTS, INC. *vs.* STATE ETHICS COMMISSION. May 5, 2000. *Public Officer. State Ethics Commission. Gratuity Statute.*

This is an appeal from the Superior Court's decision upholding an order of the State Ethics Commission (commission) that assessed a civil fine of $13,500 against the Life Insurance Association of Massachusetts, Inc. (LIAM), for providing gratuities in violation of G. L. c. 268A, § 3 (*a*). We granted the plaintiff's application for direct appellate review. In light of our decision in *Scaccia* v. *State Ethics Comm'n, ante* 351 (2000) (*Scaccia*), we remand this case to the Superior Court for remand to the commission for further findings and a determination whether LIAM's expenditures were intended to influence a specific "official act performed or to be performed" by public officials.

LIAM is a trade organization that promotes the interests of life, health, and disability insurers in Massachusetts. On eight occasions between 1989 and 1993, LIAM paid for meals that its lobbyists shared with fifteen elected officials who were involved with insurance matters, including a dinner at the Ritz-Carlton Hotel on Amelia Island in Florida. See *Scaccia, supra* at 353. On one occasion, LIAM also contributed money toward a set of golf clubs that were a retirement present for a State representative. The value of the meals ranged from $50 to $123 per person, and in those instances where LIAM also paid for an elected official's guest or spouse, the totals ranged from $69 to $247.

In *Scaccia*, we held that in order to establish a violation of the gratuity statute, "there must be proof of linkage to a particular official act, not merely the fact that the official was in a position to take some undefined or generalized action." *Scaccia, supra* at 356. Here, because the commission concluded as a matter of law that the provision of the meals need not be linked to the intention to influence any specific official act, the commission failed to make

adequate findings on whether there was such a link. In *Scaccia,* we vacated the Superior Court's upholding of the commission's determination that the gratuity statute had been violated because, in addition to a lack of findings by the commission as to any link to a specific act, the administrative record was devoid of any evidence that would establish such a link. In the present case, however, we cannot be certain that such a link did not exist, and we therefore remand the case for further findings.

We summarily dispose of the other issues LIAM raises. First, LIAM argues that the meals given were not of substantial value. In *Commonwealth* v. *Famigletti,* 4 Mass. App. Ct. 584, 587 (1976), however, it was determined that a gift of $50 was of substantial value. The commission was therefore within its discretion and competence when it determined that the meals here were of substantial value. Secondly, the commission's decision to include "tax and tip" in determining the cost of the meals, the inclusion of a spouse's or guest's meal in the totals, and the decision to divide total cost by the number of participants in the absence of any evidence regarding what any individual ate were similarly within its discretion. Finally, the action here was not time barred because the statute of limitations would be tolled until the commission had some reason to know that a potential violation of the gratuity statute had occurred. See *Zora* v. *State Ethics Comm'n,* 415 Mass. 640, 646-648 (1993); *Nantucket* v. *Beinecke,* 379 Mass. 345, 349-350 (1979).

The case is remanded for further findings and a determination whether LIAM provided these gifts in order to influence specific legislative acts.

*So ordered.*

*John J. Curtin, Jr. (William S.D. Cravens* with him) for the plaintiff.

*Judy A. Levenson (Stephanie S. Lovell,* Special Assistant Attorney General, with her) for the defendant.