NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-164

ROBERT MAHONEY

vs.

TOWN OF FRANKLIN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Robert Mahoney, a firefighter for the town of Franklin, timely appeals from a judgment of the Superior Court dismissing his nine-count complaint raising six tort claims, two harassment and discrimination claims, and one breach of contract claim. For the reasons stated below, we affirm.

We review de novo the allowance of a motion to dismiss. FBT Everett Realty, LLC v. Massachusetts Gaming Comm'n, 489 Mass. 702, 718 (2022). The relevant inquiry is whether the factual allegations of the complaint, accepted as true, "are 'sufficient, as a matter of law, to . . . plausibly suggest an entitlement to relief.'" Id., quoting Dunn v. Genzyme Corp.,

---

[1] Franklin Fire Department, Retired Chief Gary McCarraher, International Association of Firefighters, Local 2637 Union, Robert Vallee, Charles Allen, Thomas Carlucci, Robert Dellorco, Andrew Bissanti, Jeffrey Nutting, and Stephanie Lutz.

486 Mass. 713, 717 (2021).  We address each category of Mahoney's claims in turn.

1. _Tort claims_.  Mahoney's tort claims are subject to a three-year statute of limitations.  See G. L. c. 258, § 4; G. L. c. 260, § 2A; _Flynn_ v. _Associated Press_, 401 Mass. 776, 782 (1988).  The statute of limitations begins to run when "the plaintiff knows, or should have known, that [he] has been harmed by the defendant[s'] conduct."  _Silvestris_ v. _Tantasqua Regional Sch. Dist._, 446 Mass. 756, 766 (2006).  Most of Mahoney's tort claims arose from the defendants' alleged wrongful acts, statements, and practices that started in the fall of 2015 and ended in Mahoney's demotion from acting captain to town firefighter/paramedic in May 2016.  In his complaint, Mahoney alleged that "he was made aware of his demotion" by the fire chief "on or about May 12, 2016."  Mahoney thus knew or should have known that he was harmed by the defendants' conduct at that time.  Therefore, Mahoney's tort-based claims in his complaint filed on February 23, 2021, were time-barred.  Accordingly, it was proper to dismiss Mahoney's tort claims.[2]

---

[2] In his brief Mahoney argues it was not until 2020 that he became aware of certain negotiations "held on his behalf" between the town and the union.  Mahoney does not explain, however, how any such negotiations, even if they caused him any injury, enlarged the time for him to file suit.  "The plaintiff need not know the full extent of the injury before the statute [of limitations] starts to run."  _Bowen_ v. _Eli Lilly & Co._, 408 Mass. 204, 207 (1990).

2

2. Age discrimination and sexual harassment claims. Under G. L. c. 151B, § 9, Mahoney was required to file a civil action in court for age and sexual harassment "not later than three years after the alleged unlawful practice occurred." According to his complaint, the first unlawful practice occurred when he was demoted on or about May 12, 2016, and the second unlawful practice of unwelcome and offensive notes and continuing harassment occurred on or about July 8, 2016. Thus, the three-year statute of limitations ran on both claims before Mahoney filed his complaint in the Superior Court. See Babco Indus., Inc. v. New England Merchants Nat'l Bank, 6 Mass. App. Ct. 929, 929 (1978) ("A motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 755 (1974), lies against a complaint which shows on its face that the statute of limitations has run prior to the date the action was commenced").

Mahoney claims, without reference to any particular case, that the statute of limitations was tolled because he filed an action with the Massachusetts Commission Against Discrimination (MCAD) and he did not receive a decision by MCAD until 2020. While it is true that a plaintiff must file an administrative claim with the MCAD prior to filing a civil suit under G. L. c. 151B, a plaintiff is not required to wait until a determination is made by MCAD prior to filing a suit. See Everett v. 357 Corp., 453 Mass. 585, 599-601 (2009). The filing

3

of a complaint with the MCAD is insufficient to toll the statute of limitations. Accordingly, it was proper to dismiss Mahoney's age discrimination and sexual harassment claims.

3. Breach of employment contract claim. The statute of limitations for breach of an employment contract is longer than those we have already discussed, barring suits filed after six years from the date the claim accrued. See McCarthy v. Slade Assoc., Inc., 463 Mass. 181, 189 n.17 (2012). Therefore, this claim is not time-barred. However, we conclude, as did the Superior Court judge, that the allegations of the complaint are inadequate to state a claim for breach of an employment contract. Mahoney's complaint alleges that on October 21, 2014, a short list of eligible individuals for promotion was established. Mahoney and two others were included on this list. David Baker, the individual who was ultimately promoted to acting captain instead of Mahoney in accordance with the collective bargaining agreement (CBA), was not on the list. Mahoney alleged that Baker's appointment violated personnel administration rules and, as a result, the defendants breached an unidentified "employment contract" with him. Assuming arguendo that the CBA is the employment contract that the defendants are alleged to have breached, the complaint does not allege any specific provision of the CBA that the defendants violated. Mahoney's brief, which asserts without any record

4

support (he relies instead on unspecified "information" provided by the union) that the "short list" rule was based on the CBA, does not clarify the matter any further. Absent adequate allegations or argument regarding the "employment contract" and breach, Mahoney has failed to state a claim for relief. See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 690 (2016).

Judgment affirmed.

By the Court (Massing,
  Sacks & Walsh, JJ.[3])

*Joseph F. Stanton*

Clerk

Entered: March 3, 2023.

---

[3] The panelists are listed in order of seniority.