NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-981

MOIRA E. ROYAL

vs.

TD BANK, N.A., trustee, & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se plaintiff, Moira E. Royal, appeals from a judgment that dismissed her first amended complaint.  We construe Moira's[2] complaint to allege that in the early 1990s, Harriet Royal, Moira's mother, executed a series of estate planning documents, including a trust with TD Bank, N.A.'s (TD Bank) predecessor serving as trustee.  On April 2, 2007, Harriet executed a will that, in pertinent part, pretermitted Moira from whom she had long been estranged.  Harriet also executed a

_____

[1] Leslie A. Watt and Kimberly S. Cabral.  "TD Bank Operation Building" is also named as a defendant but this does not appear to be a proper legal entity.

[2] As certain parties share a surname, we refer to them by their first names to avoid confusion.

durable power of attorney appointing TD Bank as her attorney-in-fact.

Harriet died in 2014, and TD Bank probated the estate, settled her trust, and sold her home. Moira contends that she first learned of Harriet's death and the sale of the home in 2015. Moira met with bank representatives in 2015. In April 2018, Moira sent a 366-page demand letter to TD Bank pursuant to G. L. c. 93A. TD Bank denied liability. On August 15, 2022, Moira filed the complaint at issue here alleging breach of contract, unfair or deceptive practices, fraudulent concealment, fraudulent misrepresentation, and gross negligence and/or wrongful death. Following a hearing, a Superior Court judge entered a judgment that dismissed Moira's complaint. Thereafter Moira filed a motion for reconsideration that was also denied. It appears that Moira timely filed a notice of appeal from the judgment of dismissal. A single justice of this court granted an unopposed request to enlarge the time to file a notice of appeal from the motion for reconsideration and consolidated the appeals.

All litigants, whether or not represented by counsel, are required to comply with the rules of court. See Roberts v. Hingham Div. of the Dist. Ct. Dep't, 486 Mass. 1001, 1002 n.4 (2020). Here, Moira's brief fails to set forth substantive appellate argument as required by Mass. R. A. P. 16 (a) (9), as

2

appearing in 428 Mass. 1628 (2019).  She makes "bald assertions of error that lack legal argument," and thus her claims do not rise to the level of appellate argument.  Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).  Notwithstanding, the complaint was barred by the statute of limitations as it was filed seven years after Moira became aware of the facts that gave rise to her allegations.  See G. L. c. 260, §§ 2, 2A, and 5A.  Accordingly, dismissal of Moira's complaint on statute of limitations grounds was proper.  See Babco Indus., Inc. v. New England Merchants Nat'l Bank, 6 Mass. App. Ct. 929, 930 (1978).[3]

Judgment affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Blake, Walsh &
  Hodgens, JJ.[4]),

*Paul Little*

Clerk

Entered: September 26, 2024.

---

[3] For these reasons, the motion for reconsideration was properly denied.

[4] The panelists are listed in order of seniority.