NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-995

ANTHONY MICHAEL BRANCH

vs.

ANTONIO R. HARRIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Anthony Michael Branch, appeals from a Superior Court judgment that dismissed his tort complaint on statute of limitations grounds.  The plaintiff's complaint alleged abuse of process, malicious prosecution, and intentional infliction of emotional distress, arising out of specific legal actions that the defendant initiated against the plaintiff in the year 2013, over six years before this suit was filed in 2019.  Because the plaintiff's causes of action accrued more than three years before the complaint was filed, we affirm.

Background.  The instant dispute began in the spring of 2013, when the plaintiff learned that the defendant, Antonio R. Harris, was having an affair with the plaintiff's then wife.

Thereafter, the defendant initiated two legal actions against the plaintiff Branch. First, on April 25, 2013, the defendant filed a complaint for protection from harassment against the plaintiff under G. L. c. 258E. On May 13, 2013, the court issued a c. 258E order against the plaintiff. Second, on May 23, 2013, the defendant filed an application for criminal complaint against the plaintiff, alleging that the plaintiff had violated the c. 258E order. After a hearing, a clerk-magistrate denied the application.

Also in the spring of 2013, the plaintiff filed for divorce, and named the defendant as a codefendant. The judgment of divorce nisi entered on July 5, 2016.

The plaintiff filed this suit against the defendant on October 4, 2019. As noted, the complaint states claims for abuse of process, malicious prosecution, and intentional infliction of emotional distress. The complaint identifies and describes (1) the defendant's actions in 2013, in seeking and obtaining the c. 258E order; and (2) the defendant's actions in 2013, in instituting criminal proceedings for the alleged violation of the order. Further, the complaint specifically calls out those two actions as causing "injury to [the plaintiff's] good name and reputation." Importantly, the complaint does not identify any acts, after the year 2013, by which the defendant allegedly caused him injury.

2

The defendant moved to dismiss the complaint on the ground, among others, that it was barred by the three-year statute of limitations governing tort claims, G. L. c. 260, § 2A.  The judge allowed the motion, concluding that the plaintiff was on notice of the harm underlying his complaint as early as March 11, 2013.  The plaintiff appeals.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  Dismissal is warranted where the complaint, on its face, shows that the statute of limitations has run.  Babco Indus., Inc. v. New England Merchants Nat'l Bank, 6 Mass. App. Ct. 929, 929 (1978) (Babco).  The statute of limitations for tort claims is three years.  See G. L. c. 260, § 2A.

On its face, the plaintiff's complaint is based upon actions that took place in 2013, and injury sustained in 2013 -- over six years before the suit was filed.  The plaintiff argues, nevertheless, that the judge dismissed the complaint prematurely, and that discovery could have clarified the applicability of the statute of limitations.  The plaintiff also purports to invoke the "continuing violations doctrine," as well as arguing that he was prevented from filing suit by "duress" -- apparently because of concerns regarding child custody issues involving his divorce.

3

We are not persuaded.  Generally, a cause of action accrues when an injury is sustained, or when the plaintiff discovers or reasonably should have discovered the harm caused by the defendant's conduct.  See White v. Peabody Constr. Co., 386 Mass. 121, 129-130 (1982) (explaining that statute of limitations begins when "the injured person has notice of the claim").  The notice required for accrual "is not notice of every fact which must eventually be proved in support of the claim," but rather, "simply knowledge that an injury has occurred."  Id. at 130.

Here, the plaintiff had notice of his alleged injuries in 2013, first when the defendant applied for and obtained the c. 258E order (including, testifying in support thereof), and thereafter when the defendant initiated a criminal proceeding based upon an alleged violation of that order.  The complaint alleges that the defendant's allegations in each of those proceedings were false, that the proceedings were initiated to intimidate and to harass him, and that he suffered injury as a result, including harm to his reputation and emotional distress. The complaint itself thus indicates that the plaintiff had knowledge of these harms arising from the c. 258E process in 2013, thus initiating the running of the statute of limitations. There is no genuine dispute as to the above facts, and thus no discovery is necessary.

Finally, the plaintiff's additional arguments also fail. The plaintiff's complaint failed to point to any facts that would demonstrate unlawful conduct by the defendant that occurred during the three-year statute of limitations period -- that is, after October 4, 2016. The continuing violations doctrine is therefore inapplicable. The plaintiff's complaint and his affidavit in opposition to the motion to dismiss[1] also failed to provide a factual or legal basis for his contention of duress. While it is possible that duress could excuse a party from filing suit within the limitations period, see Babco, 6 Mass. App. Ct. at 930, the allegations here are conclusory, and the duress alleged in any event is not the actions of the defendant, but of the plaintiff's wife. See Iannacchio v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation . . . requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief beyond a speculative level"). Moreover, the

---

[1] Under ordinary circumstances, we would decide a motion to dismiss on the pleadings, without reference to an affidavit filed in opposition. See Navarro v. Burgess, 99 Mass. App. Ct. 466, 467 n.4 (2021). Here, the facts in the complaint establish that the statute of limitations has run, as a matter of law. We have looked at the plaintiff's affidavit insofar as it argues duress, as did the parties and the judge, but here the affidavit does not establish a viable claim that could possibly excuse the plaintiff's late filing, and thus we need not address it further.

5

plaintiff's filings did not describe how the alleged duress prevented the filing of this lawsuit within the limitations period, and we note that the divorce judgment entered more than three years before suit was filed.

Because the plaintiff had notice of his injuries in 2013, the statute of limitations had run by the time the plaintiff filed suit. We accordingly affirm the judgment.[2]

<u>Judgment affirmed</u>.

By the Court (Neyman, Ditkoff & Englander, JJ.[3]),

Clerk

Entered: October 16, 2025.

---

[2] The defendant's request for attorney's fees and double costs is denied.

[3] The panelists are listed in order of seniority.