DAVID E. MILLS *vs.* CONTINENTAL TRANSPORTATION NETWORK, INC., & another.[1]
No. 95-P-2182. February 11, 1998. *Limitations, Statute of. Damages,* Tort.

On June 15, 1990, the plaintiff, an employee of the defendant Continental
Transportation Network, Inc. (Continental), was injured in an accident while
driving an automobile being sold by Data Air Courier, Inc. (Data), to a buyer
in Ohio. Arrangements for the trip, which began in Massachusetts, were made
by Continental. When, in May, 1994, the plaintiff filed a workers' compensa-
tion claim based upon the accident, he discovered that neither Continental nor
the defendant Scheall Driveaway Systems, Inc. (Scheall),[2] had workers'
compensation coverage. The plaintiff then brought this action in the Superior
Court seeking damages for the defendants' failure to provide such coverage.
See *LaClair* v. *Silberline Mfg. Co.,* 379 Mass. 21, 26 (1979); *O'Dea* v. *J.A.L.,
Inc.,* 30 Mass App. Ct. 449, 450 (1991), holding that an employer who is
required to maintain workers' compensation coverage but does not do so is li-
able in tort to an injured employee without proof of negligence. On the
defendants' motions for summary judgment, the Superior Court judge
concluded that the plaintiff's action was time barred by the three-year limita-
tion period set out in G. L. c. 260, § 2A, and entered judgments in their favor.
Finding no error in the reasoning set out in the judge's memorandum of deci-
sion, we adopt it as our own and affirm the judgments.

It is the plaintiff's argument on appeal that the time period for the filing of
his tort action was that set out in G. L. c. 152, § 66, as amended through St.
1991, c. 398, § 93, that is, twenty years. However, § 106 of c. 398 expressly
provides that § 93 "shall be deemed to be substantive in character," and,
therefore, by reason of G. L. c. 152, § 2A, prospective in its application. As
the plaintiff's cause of action accrued prior to the effective date of § 66, as
amended, the twenty-year limitation period provided for therein is inapplic-
able to the present action.

In the alternative, the plaintiff claims that he is entitled to the four-year
period set out in G. L. c. 152, § 41, as appearing in St. 1985, c. 572, § 50. As
pertinent, that statute reads: "No proceedings for *compensation* payable under
this chapter shall be maintained . . . unless any claim for compensation due
with respect to such injury is filed within four years from the date the
employee first became aware of the causal relationship between his disability
and his employment" (emphasis added). This argument fails for the reason
that the present action is one in tort for damages, see *O'Dea* v. *J.A.L, Inc.,* 30
Mass. App. Ct. at 450, and not a claim for compensation payable under
c. 152. See *Thayer's Case,* 345 Mass. 36, 41-43 (1962).

The plaintiff's allegations, that he did not know either of his employment
relationship with the defendants or of their failure to have compensation
coverage until some time after the conclusion of a lawsuit brought against him
by the estate of an individual killed in the accident, were insufficient, as mat-
ter of law, to create a factual dispute concerning the timeliness of the filing of
his complaint. See *Bowen* v. *Eli Lilly & Co.,* 408 Mass. 204, 205-208 (1990).

*Judgments affirmed.*

[1]Scheall Driveaway Systems, Inc.

[2]Other than to claim an employment relationship with Scheall, the plaintiff's brief
and record appendix do not provide detailed description of Scheall's role in the instant
dispute.

*William E. Gately, Jr.*, for the plaintiff.
*Kevin M. Truland* for the defendants.